UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-60757-Civ-GAYLES
MAGISTRATE JUDGE P.A. WHITE

NYKA O'CONNOR,

    Plaintiff,

v.

JUDGE PAUL BACKMAN, et al.,

    Defendants.
_____/

## REPORT RE DISMISSAL OF COMPLAINT-28 U.S.C. §1915(g)

### I. Introduction

The *pro se* Plaintiff, **Nyka O'Connor,** a state convicted felon, no stranger to the federal courts, while confined at the Florida State Prison, has filed this latest civil rights complaint, pursuant to 42 U.S.C. §1983, suing 23 Defendants, complaining of false imprisonment, denial of adequate medical care and accommodations. (DE#1).

This latest filing has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. See 28 U.S.C. §636(b)(1)(B), (C); Fed.R.Civ.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

The instant complaint is subject to dismissal for various reasons, the simplest of which is Plaintiff's status as a "three-striker" under the provision of the Prison Litigation Reform Act ("PLRA").

## II. §1915(g) Standard

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of the foregoing provision of the PLRA, referred to as "three strikes provision," has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals. See Rivera v. Allin, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Specifically, the Eleventh Circuit has determined that the new "three strikes" IFP provision does not violate an inmate's the First Amendment right of access to the courts; the doctrine of separation of judicial and legislative powers; the Fifth Amendment's right to due process of law; or, an inmate's right to equal protection. Id. at 721-27.

However, to invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

2

likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Thus, in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). No such showing has been made here.

### A. Prior Filing History

The incarcerated *pro se* plaintiff in this case is a multiple filer. The undersigned's search of this Court's PACER (Public Access to Court Electronic Records) system has revealed that, as of this date, Plaintiff has filed a plethora of cases, both at the

district court level and on appeal, including the following cases:[1] O'Connor v. State of Fla., et al., U.S. Dist. Ct., N.D. of Fla., Case No. 06-00010-Civ-Davis (§1983-Dism'l fail to state a claim under §1915(e), 3/29/06, no appeal filed); O'Connor v. State of Fla., et al., U.S. Dist. Ct., N.D. of Fla., Case No. 06-00045-Civ-Timothy (§1983-Dism'l fail to state claim under 1915(e), 9/22/06, no appeal filed); O'Connor v. Fla. Dep't of Corr's, U.S. Dist. Ct., N.D. of Fla., Case No. 08-00357-Civ-Sherill (§1983-Dism'l fail to state claim under §1915(e), 02/20/09, O'Connor v. Grace, et al., Eleventh Cir. Ct. of Appeals, Case No. 11-11168-I (Finding appeal frivolous, denying leave to proceed, and dismissing appeal); O'Connor v. Kelley, et al., Eleventh Cir. Ct. of Appeals, Case No. 11-12692-I, (Finding appeal frivolous, denying leave to proceed, and dismissing appeal).

Based upon the review of Plaintiff's litigation history, as noted above, it is clear that Plaintiff has had at least three civil rights complaints and two appeals that qualify as strikes pursuant to §1915(g). See Allen v. Clark, 266 Fed.Appx. 815, 817 (11th Cir. 2008)(dismissal of actions which constitute abuses of the judicial process may count as strikes under 1915(g))(*citing* Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on*

---

[1]This Court can take judicial notice of its own records as well as records filed in another court pursuant to Federal Rule of Evidence 201(b) and (c). See United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(*quoting* Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

Copies of PACER Case Locator print-out itemizing the numerous cases, together with copies of the dockets, Reports and Orders for the cases mentioned herein that count as strikes for purposes of determining the plaintiff's multiple filer status are being filed and made part of this record by separate court order. This is being done in this case in order to avoid the many labor intensive hours required to search through each of the Plaintiff's prior filings to ascertain the nature and resolution of those cases, since he is a prolific filer.

*other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)).

## B. "Imminent Danger" Exception

Thus, Plaintiff is barred from proceeding *in forma pauperis* in this or any other federal court, pursuant to 28 U.S.C. §1915(g), unless he can show that he was under imminent danger of serious physical injury at the time he filed his complaint.

To invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. Niebla v. Walton Correctional Inst., 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing* Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and White v. State of Colorado, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Review of Plaintiff's recent complaint reveals that the plaintiff has not alleged, let alone demonstrated, that he was under imminent danger of serious physical injury at the time of the filing of the complaint or that serious physical injury is imminent. See Complaint. (DE#1). Nor do Plaintiff's allegations suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. Id. Plaintiff has failed to make the requisite demonstration to overcome dismissal. Since Plaintiff

has not paid the filing fee and the factual allegations of his complaint do not suggest that Plaintiff's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to §1915(g). Dismissal of the instant civil rights action is, therefore, appropriate.

### III. Recommendations

Based upon the foregoing, it is recommended that: (1) the complaint (DE#1) be DISMISSED, pursuant to 28 U.S.C. §1915(g); see Dupree, 284 F.3d at 1237 (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed *in forma pauperis*); (2) that all pending motions not otherwise ruled upon be dismissed; and, (3) that this civil action be CLOSED.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint on the basis of the allegations now presented and attempted claims would still be properly dismissed. See Judd v. Sec'y of Fla., 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in light of the Eleventh Circuit's decision in Johnson in that any amended complaint would be frivolous). See generally Spaulding v. Poitier, 548 Fed.Appx. 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(citing, Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir.

2007).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 3rd day of May, 2017.

UNITED STATES MAGISTRATE JUDGE

cc: Nyka O'Connor, Pro Se
    DC#199579
    Florida State Prison-West Unit
    Inmate Mail/Parcels
    PO Box 800
    Raiford, FL 32083