# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 04, 2018

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 17-12882-FF
Case Style: Nyka O'Connor v. Paul Backman, et al
District Court Docket No: 0:17-cv-60757-DPG

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6191

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 17-12882

_____

District Court Docket No.
0:17-cv-60757-DPG

NYKA O'CONNOR,

                                        Plaintiff - Appellant,

versus

PAUL BACKMAN,
Judge, 17th Judicial Circuit, Florida,
MICHAEL J. SATZ,
State Attorney, State Attorneys Office,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 03, 2018
For the Court: DAVID J. SMITH, Clerk of Court
By: Jeff R. Patch

**ISSUED AS MANDATE 09/04/2018**

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12882
Non-Argument Calendar
_____

D.C. Docket No. 0:17-cv-60757-DPG

NYKA O'CONNOR,

                                              Plaintiff - Appellant,

versus

PAUL BACKMAN,
Judge, 17th Judicial Circuit, Florida,
MICHAEL J. SATZ,
State Attorney, State Attorney's Office,

                                              Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 3, 2018)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

Nyka O'Connor, a Florida prisoner proceeding pro se, appeals the district court's dismissal with prejudice of his 42 U.S.C. § 1983 civil rights complaint because he failed to meet the "imminent danger" exception to the Prison Litigation Reform Act's "three strikes" provision, 28 U.S.C. § 1915(g), and because he failed to properly state a claim.  Mr. O'Connor named numerous defendants and asserted a wide variety of claims in his complaint, but his appeal focuses on his claims of inadequate medical care and inadequate diet in prison, so those are the claims we address.

## II

We review *de novo* a district court's dismissal under the PLRA's "three strikes" provision.  *See Mitchell v. Nobles*, 873 F.3d 869, 873 (11th Cir. 2017).  We review *de novo* a Rule 12(b)(6) dismissal of a complaint.  *See Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).  In assessing a complaint, we must accept the plaintiff's factual allegations as true, and we should not dismiss a complaint unless the facts as pled do not state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III

The "three strikes" provision of the PLRA states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that

>was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

There is no doubt that Mr. O'Connor is a prolific litigator – the record indicates that he has filed somewhere in the neighborhood of forty cases between 2005 and 2017 – and that more than three of them were dismissed for failure to state a claim on which relief could be granted. *See* D.E. 9-1 (Pacer case locator report for all cases filed by Nyka O'Connor, and official dockets and orders showing dismissals). But our precedent is clear that a dismissal under the "three strikes" provision should be without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). *See also Mitchell*, 873 F.3d at 872 (same). A "three strikes" prisoner is still permitted to file, but must pay the full filing fee when he initiates a lawsuit, *see Dupree*, 284 F.3d at 1236, unless he meets the "imminent danger" exception. Assuming the district court was correct that Mr. O'Connor did not meet the "imminent danger" exception, it erred by dismissing Mr. O'Connor's complaint with prejudice.

## IV

We next address whether Mr. O'Connor satisfies the "imminent danger" exception to § 1915(g), and whether his complaint fails to state a claim under Rule 12(b)(6). The district court believed dismissal was appropriate because Mr. O'Connor's allegations "are conclusory" and because Mr. O'Connor "fails to explain how each defendant is liable." D.E. 15 at 2. But the district court's analysis is only one paragraph, and the magistrate judge's "well-reasoned analysis," with which the district court agreed, is equally cursory – neither opinion even mentions the content of Mr. O'Connor's allegations, much less explains why Mr. O'Connor fails to satisfy the "imminent danger" exception.

A prisoner must assert a present imminent danger, as opposed to a past danger. We must assess the complaint as a whole, rather than each individual physical condition or danger, to determine whether a prisoner has adequately alleged an imminent danger of serious physical injury under § 1915(g). *See Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). In *Brown*, for example, we held that a prisoner who claimed withdrawal of treatment for HIV and hepatitis (which resulted in serious and ongoing complications) met the standard. *See id.* And in *Mitchell*, we held that a prisoner who alleged complete lack of treatment for Hepatitis C (which resulted in cirrhosis) met the standard. *See* 873 F.3d at 874.

Other circuits have also concluded that the imminent danger exception is satisfied due to certain medical conditions. *See, e.g.*, *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (finding that the risk of contracting HIV or Hepatitis C through contact with cellmates carrying such diseases "raise[d] the specter of serious physical injury" and constituted imminent danger because such diseases "quite obviously cause serious health problems, and c[ould] result in death"); *McAlphin v. Toney,* 281 F.3d 709, 710 (8th Cir. 2002) (finding that delaying necessary tooth extractions, which resulted in a mouth infection, constituted imminent danger); *Gibbs v. Cross,* 160 F.3d 962, 965-66 (3rd Cir. 1998) (finding that a prisoner's continuing headaches and other symptoms caused by extended exposure to dust, lint, and shower odor constituted imminent danger).

Although Mr. O'Connor contends that he has received inadequate care for at least nine different physical ailments – including vision, dental, shoulder, skin, hip, ankle, hand, and toe problems – we focus on his claims relating to his gastrointestinal problems. These problems may, indeed, rise to the level of imminent danger of serious physical injury to allow him to proceed in forma pauperis under § 1915(g).

In a liberally-construed reading of the complaint, the allegations of which must be taken as true, Mr. O'Connor claims that for years, he has suffered from severe gastrointestinal problems, which are exacerbated by prison personnel's

5

withdrawal of appropriate medication and refusal to offer him an appropriate vegetarian diet. He has requested, but been denied, a non-standard specialized therapeutic diet which would comply with both his medical needs and religious beliefs. The symptoms of his ongoing gastrointestinal issues include severe cramping, causing him to curl up in the fetal position with clenched fists and teeth and forcing him to crawl to and from the toilet; bloody stools; acid reflux; heartburn; and significant weight loss, resulting in a weight of 137 pounds on his six-foot tall frame. These allegations satisfy the imminent danger standard. *See Brown*, 387 F.3d at 1350; *Mitchell*, 873 F.3d at 874.

In addition, Mr. O'Connor claims that he suffers from gallstones, and that he was approved for and consented to surgery to remove them in March of 2015, but by the time of the complaint's filing in April of 2017, no gallstone surgery had occurred. Mr. O'Connor alleges that untreated gallstones could lead to an infection of his gallbladder, the eruption of which, like appendicitis, could be fatal. This two-year delay in the provision of approved surgery for a serious condition satisfies the imminent danger standard.[1]

Although his pro se complaint is not a model of clarity, Mr. O'Connor identifies defendants by name and job title, and in the section titled "Inadequate

---

[1] We note as well that Mr. O'Connor asserts that he has skipped numerous medical call-outs (doctor's appointments) because he was threatened with physical harm by prison personnel if he went to the call-outs.

6

Health Care While Falsely Imprisoned," he sets forth facts which name individual doctors, nurses, and prison employees that he claims are responsible for the acts underlying his claim. The district court did not specifically find that allowing Mr. O'Connor to amend his complaint would be futile, but it agreed with the reasoning of the magistrate judge, who recommended dismissal without leave to amend. Here, too, we disagree with the district court. As we have explained, several of Mr. O'Connor's claims have substance and satisfy the "imminent danger" standard.[2]

## V

Based on the record before us, we reverse and remand the dismissal of Mr. O'Connor's complaint. Mr. O'Connor's claims regarding his gastrointestinal problems, and the prison personnel's handling of those problems, satisfy the imminent danger standard. He should be allowed to proceed in forma pauperis under § 1915(g). Also, he should be given the opportunity to amend his complaint, if required.

**REVERSED AND REMANDED.**

---

[2] A pro se plaintiff should normally be allowed one opportunity to amend. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("[W]e decide and intimate nothing about a party proceeding pro se.").

7