UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NYKA O'CONNOR,

   Plaintiff,

v.             Case No. 3:18-cv-1423-J-39PDB

JULIE JONES et al.,

   Defendants.
_____

## ORDER

Before the Court is Plaintiff Nyka O'Connor's motion requesting a hearing (Doc. 55) and a motion for preliminary injunction (Doc. 56; Injunction Motion). Plaintiff also filed an Amended Complaint, which is before this Court for preliminary screening under 28 U.S.C. § 1915(e)(2)(B). Plaintiff initiated this action in the Southern District by filing a pro se civil rights complaint (Doc. 1). The Southern District dismissed his complaint with prejudice under 28 U.S.C. § 1915(g) because Plaintiff is a three-strikes litigant, and he did not allege he was in imminent danger of serious physical injury. See Southern District Order (Doc. 15). Plaintiff appealed the dismissal (Doc. 21). The Eleventh Circuit reversed and remanded, holding Plaintiff alleged "imminent danger" as to the claims regarding his gastrointestinal problems.[1] See Eleventh Circuit Order (Doc. 32). On remand, the

---

[1] The Eleventh Circuit noted Plaintiff complained of inadequate medical care for at least nine different ailments. However, the Court limited its opinion to his gastrointestinal issues, which Plaintiff alleges are exacerbated by a withdrawal of medications and the prison's refusal to provide an adequate vegetarian diet. See Eleventh Circuit Order at 8-9. The Court held, "[Plaintiff's] claims regarding his gastrointestinal problems, and the prison personnel's handling of those problems, satisfy the imminent danger standard." Id. at 9.

Southern District screened Plaintiff's Complaint and dismissed some of the defendants for Plaintiff's failure to state a claim against them. See Southern District Order (Doc. 42). Recognizing the only remaining claims were against individuals for conduct that occurred at Florida State Prison (FSP), the Southern District transferred the case here and ordered Plaintiff to file an amended complaint. Of note, Plaintiff's claims arise out of conduct that occurred at FSP; he is now housed at Wakulla Correctional Institution (WCI).

## I. Injunction Motion

In his Injunction Motion, Plaintiff seeks a preliminary and permanent injunction ordering the Florida Department of Corrections (FDOC) to (1) provide him adequate health care and reasonable accommodations for his various ailments; (2) provide an adequate religious diet and Passover meals; (3) provide a diet that will not exacerbate his health issues; (4) release him from close management and transfer him to a different institution; (5) use a video camera to record the delivery of meals to him to ensure officials comply with his dietary needs; and (6) improve the general conditions of his confinement. See Injunction Motion at 14-16. Plaintiff also requests a hearing on his Injunction Motion (Doc. 55).

Plaintiff alleges he suffers from numerous physical ailments: (1) vision impairment; (2) missing teeth and deficient dentures; (3) shoulder pain and nerve damage; (4) gastrointestinal issues, including gallstones, for which surgery has been recommended; (5) pain in his hip, knees, ankles, and toes; (6) skin issues (eczema); (7) neurologic issues, including dizziness; (8) mental health issues, including stress, anxiety, and depression; and (9) back strain from carrying his belongings. Plaintiff also complains of various deficient conditions of his confinement, both present (at WCI) and past (at FSP),

2

including poor lighting, inadequate religious diet, filthy food trays and cups, harassment from the staff, extreme cell temperatures, and building maintenance problems.

To the extent Plaintiff seeks an order directing his transfer or interfering with matters of prison administration, this Court may not grant such relief. See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); Barfield v. Brierton, 883 F.2d 923, 936 (11th Cir. 1989) ("[I]nmates usually possess no constitutional right to be housed at one prison over another."). See also Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").

Moreover, the Court finds Plaintiff has failed to demonstrate he is entitled to injunctive relief related to his various physical ailments and his diet. The decision to grant a preliminary injunction is vested in the "sound discretion of the district court." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). "A preliminary injunction is an 'extraordinary and drastic remedy,'" which will not be granted unless the movant carries his burden of persuasion. See Keister v. Bell, 879 F.3d 1282, 1287 (11th Cir.), cert. denied, 139 S. Ct. 208 (2018).

> To receive a preliminary injunction, the plaintiff must clearly establish the following requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest."

Id. (quoting Palmer, 287 F.3d at 1329). Plaintiff fails to demonstrate a likelihood of success on the merits of his claims. Importantly, Plaintiff offers no evidence that he is

3

likely to succeed on his claims.[2] See S. Wine & Spirits of Am., Inc. v. Simpkins, No. 10-21136-Civ, 2011 WL 124631, at *2 (S.D. Fla. Jan. 14, 2011) ("A substantial likelihood of success on the merits is shown if good reasons for anticipating that result are demonstrated. It is not enough that a merely colorable claim is advanced."). With respect to his claim that he has been denied a surgical procedure recommended in 2015, Plaintiff alleges in his Amended Complaint that Defendant Le advised him in 2016 that he no longer requires surgery because his colonoscopy results were negative. See Amended Complaint at 29. Thus, it appears Plaintiff simply disagrees with a medical opinion, which does not state a deliberate indifference claim.

Finally, Plaintiff is not entitled to injunctive relief as to claims unrelated to those raised in his complaint. See Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997), opinion amended on reh'g, 131 F.3d 950 (11th Cir. 1997) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit."). See also Bruce v. Reese, 431 F. App'x 805, 806 n.1 (11th Cir. 2011). Plaintiff's requests related to his current conditions of confinement at WCI (such as poor lighting and the manner in which his food is served) concern matters outside those raised in his complaint.

---

[2] In support of his Amended Complaint, Plaintiff offers the affidavit of another inmate, which is dated May 1, 2014 (Doc. 57-6 at 10). The affidavit does not concern Plaintiff's medical care or lack thereof. The inmate simply avers that he (the inmate) had pancreatic cancer, and a prison doctor at Reception Medical Center told him the cancer was caused by the prison food. This affidavit, dated almost five years ago, does not provide evidence that Plaintiff is likely to succeed on his claims of a denial of medical care and nutritionally-inadequate diet. To the extent Plaintiff offers the affidavit to suggest he risks developing cancer from his current diet, such a conclusion is speculative.

4

For the reasons stated above, Plaintiff's Injunction Motion and his motion requesting a hearing are due to be denied.

## II. Amended Complaint

After the Southern District transferred Plaintiff's case here, this Court granted Plaintiff's request for additional time to file an amended complaint.[3] See Order (Doc. 48; Extension Order). The Court specifically instructed Plaintiff that his amended complaint should provide "a short and plain statement of the claim," and the allegations should be "simple, concise, and direct." See Extension Order at 1. In his Amended Complaint, Plaintiff names twelve Defendants whom he claims provided inadequate medical care and an inadequate diet while he was at FSP, including former and present chief health officers, nurses, a food service employee, former secretaries of the FDOC, and former wardens of FSP. See Amended Complaint at 3-4, 57-58. In addition to injunctive relief, Plaintiff seeks damages and requests that the Court order the attorney general to undertake a criminal investigation of Defendants. Id. at 6.

Upon review of the Amended Complaint, the Court opines that Plaintiff has failed to set forth his claims sufficiently to enable the Court to engage in a proper review under § 1915(e)(2)(B) or to enable Defendants to respond. Plaintiff's Amended Complaint does not comply with the Court's Extension Order. Rather, Plaintiff's allegations, dating back to 2005, comprise 657 paragraphs over seventy-seven pages, and Plaintiff supplements his allegations with over 400 pages of exhibits. Id. at 13. Not only are Plaintiff's allegations not simple and concise, but the claims against each Defendant are unclear, as are the

---

[3] The Court also entered an order permitting Plaintiff to proceed in forma pauperis. See Order (Doc. 52).

actions or omissions of each named Defendant. For instance, in Section II of the complaint form (Basis for Jurisdiction), Plaintiff states Defendants' actions constitute a breach of contract under federal common laws. Id. at 4. However, Plaintiff later identifies additional claims, including violations of the Americans with Disabilities Act (ADA) and the Eighth Amendment. Id. at 38, 48.

To proceed, Plaintiff must submit a second amended complaint that complies with federal pleading standards and this Court's instructions. A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint must state claims in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The Court will direct the Clerk to send Plaintiff a civil rights complaint form for his use. Plaintiff may attach additional pages, but **he may not exceed ten (10)**. In describing the facts underlying the claims, Plaintiff should simply and concisely describe what happened and who did what, providing only relevant facts. For instance, he should indicate what medical care he requested or required, who denied the request, and the basis for the denial. Plaintiff should know that he does not have to prove his claims in his complaint. He should include only enough allegations to put Defendants on notice of the claims against them so they may prepare a responsive pleading. Plaintiff will be permitted to introduce evidence at a later stage in the proceedings.

Plaintiff must limit his complaint to related incidents (those for inadequate medical care and inadequate diet). Any unrelated claims should be raised in a new civil rights complaint filed in a new case. For example, Plaintiff should not use his civil rights

6

complaint as a forum in which to complain about every problem he experienced while housed at FSP (such as inadequate heating or building maintenance issues). Moreover, Plaintiff should know this Court cannot initiate a criminal investigation into alleged unlawful actions by prison staff. See Otero v. U.S. Atty. Gen., 832 F.2d 141, 141 (11th Cir. 1987) ("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another."). Finally, to the extent Plaintiff intends to pursue claims against individuals at WCI based on his current conditions of confinement, he must institute a new civil rights action by filing a new complaint.

Accordingly, it is now

**ORDERED:**

1. Plaintiff's motion requesting a hearing (Doc. 55) is **DENIED**.

2. Plaintiff's motion for preliminary injunction (Doc. 56) is **DENIED**.

3. Plaintiff's Amended Complaint (Doc. 57) is **STRICKEN**.

4. The **Clerk** shall send Plaintiff a civil rights complaint form. Using the form and following the instructions provided in this Order and on the form, Plaintiff must submit a second amended complaint by **April 30, 2019**. If Plaintiff attaches additional pages to identify the defendants and to set forth his facts and claims, **he may not exceed ten (10).** Also by **April 30, 2019**, Plaintiff must mail to the Court **one copy** of the second amended complaint (including exhibits)[4] for **each** named defendant. Failure to comply with this Order may result in the dismissal of this case.

---

[4] Plaintiff may include exhibits, such as grievances or medical records. Plaintiff must individually number each exhibit in the lower right-hand corner of each exhibit. If his first exhibit has multiple pages, he should number the pages 1-A, 1-B, 1-C, etc. Plaintiff should limit the number of exhibits, providing only those that are relevant to the claims against the named Defendants.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of March, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Nyka O'Connor