UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NYKA O'CONNOR,

       Plaintiff,

v.                         Case No. 3:18-cv-1423-J-39PDB

JULIE JONES et al.,

       Defendants.

_____

**<u>ORDER</u>**

Before the Court is Plaintiff's Motion for Appointment of
Guardian Ad Litem and Extension of Time (Doc. 69; Motion). In his
motion, Plaintiff asserts the Court "erroneously" denied his
motion for appointment of counsel, "without assessing his mental
disabilities, and whether reasonable accommodations were provided
per ADA & RA." Motion at 1. Plaintiff states he has been moved to
general population and he is having trouble adjusting because of
his mental health issues, including paranoia. <u>Id.</u> Plaintiff
contends he is "in a constant state of anxiety" over the potential
for being assigned a cellmate and over his life sentence. <u>Id.</u> at
2.

Plaintiff seemingly seeks reconsideration of the Court's
order denying his request for appointment of counsel (Doc. 67). He
asserts he has difficulty concentrating, his imprisonment limits
his ability to effectively litigate, he has limited access to the

law library, and this case, which involves complex legal issues, will likely require a trial. Id. at 2, 3. To the extent Plaintiff seeks reconsideration of the Court's prior order (Doc. 67), his motion is due to be denied. The Court advises Plaintiff that after the case gets further along, the Court can consider whether to appoint a lawyer to represent him.

Plaintiff's request for appointment of a guardian ad litem is also due to be denied. Plaintiff provides a copy of his "Individualized Service Plan" (ISP), which documents his mental health issues (Doc. 69-1; ISP). According to the ISP, Plaintiff has been diagnosed with major depressive disorder and antisocial personality disorder. See ISP at 1. He has a history of aggressive behavior, including self-harm. Id. He experiences hallucinations, impulsive behaviors, depression, paranoia, and resistance to treatment. Id.

Rule 17 of the Federal Rules of Civil Procedure provides, a "court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). However, appointment of a guardian ad litem is not mandatory. See McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 470 (11th Cir. 2010). Significantly, "psychological and mental stress is not the equivalent of incompetence to proceed in court." Id. While Plaintiff demonstrates he suffers from mental illnesses for which

he is under active treatment, he has not demonstrated incompetence to represent himself in court. In fact, Plaintiff is a prolific litigator who has even succeeded on appeal. See, e.g., Order of USCA (Doc. 32); Order of USCA, Case No. 3:17-cv-1007-J-32JBT (Doc. 39). See also Report & Recommendation, Case No. 4:19-cv-218-AW-CAS (Doc. 7) (explaining Plaintiff's litigation history as relevant to his designation as a three-strikes litigant).

This case was transferred to this Court on November 30, 2018. In the nearly eight months since then, and after the Court has provided clarification and extensions of time to Plaintiff (Docs. 48, 52, 58, 63), he has failed to file a proper amended complaint. The Court will provide Plaintiff one final opportunity to submit an amended complaint in compliance with the Court's orders.

In amending his complaint, Plaintiff should limit his factual allegations to his claims for inadequate medical care and inadequate diet; his allegations should be simple, concise, and direct, explaining what each defendant did or failed to do and providing only relevant facts; and he should avoid presenting evidence or attempting to prove his claims. Plaintiff may include additional pages to state the facts, but he may not exceed ten additional pages. If Plaintiff is unsure how to file an amended complaint that complies with the Court's instructions, he should seek assistance from a clerk in the prison law library.

Accordingly, it is

**ORDERED:**

1.    Plaintiff's Motion for Appointment of Guardian Ad Litem and Extension of Time (Doc. 69) is **GRANTED in part** and **DENIED in part.** The motion is **GRANTED** to the extent Plaintiff must submit an amended complaint, with copies for each defendant, by **August 19, 2019.** Absent extraordinary circumstances, the Court expects no further requests for extensions of time. The motion is **DENIED** to the extent Plaintiff seeks appointment of a guardian ad litem and seeks reconsideration of the Court's order denying his motion for appointment of counsel.

2.    The Court directs the **Clerk** to send Plaintiff a civil rights complaint form.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of July, 2019.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Nyka O'Connor