UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NYKA O'CONNOR,

    Plaintiff,

v.                         Case No. 3:18-cv-1423-BJD-PDB

JULIE JONES et al.,

    Defendants.

_____

**ORDER**

Before the Court is Defendant Chuong Thanh Le's Renewed Motion to Dismiss, filed February 2, 2021 (Doc. 168). Defendant Le moves the Court to dismiss Plaintiff's amended complaint for Plaintiff's failure to state a claim. This is Defendant Le's second motion to dismiss. The Court denied his first motion to dismiss because Defendant Le's sole ground for relief had been foreclosed by the Eleventh Circuit, which found Plaintiff could proceed in forma pauperis under the "imminent danger" exception to the three-strikes rule. See Order (Doc. 167). Defendant Le did not assert in his first motion that Plaintiff failed to state a claim for relief.

Defendant Le's motion is due to be stricken. First, Rule 12(g) of the Federal Rules of Civil Procedure prohibits the filing of a subsequent motion to dismiss when the defense or objection raised could have been raised previously.

See Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). As did the other Defendants who moved to dismiss Plaintiff's complaint, Defendant Le could have asserted in his first motion to dismiss that Plaintiff failed to state a claim for relief. He did not. His failure to do so forecloses the Court's consideration of a successive motion to dismiss.[1] The comment to subdivision (g) explains the purpose of the rule: "This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case."

Defendant Le's renewed motion to dismiss is due to be stricken for a second reason: The Court's amended Local Rules, effective February 1, 2021, provide, "At the end of the motion and under the heading 'Local Rule 3.01(g) Certification,' the movant" must indicate whether he conferred with the opposing party, and the opposing party's position. See M.D. Fla. R. 3.01(g)(2). This requirement applies to motions to dismiss. See M.D. Fla. R. 3.01(g)(1). Defendant Le's motion does not include a 3.01(g) certification.

---

[1] Defendant Le does not, however, waive his defense. See Fed. R. Civ. P. 12(h)(2).

Accordingly, for the reasons stated, Defendant Le's motion (Doc. 168) is **STRICKEN**. Defendant Le must **answer** the amended complaint by **February 9, 2021.**

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of February 2021.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Nyka O'Connor
Counsel of Record

3