UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

NYKA O'CONNOR,

        Plaintiff,

v.                                             Case No. 3:18-cv-1423-BJD-PDB

CHUANG T. LE et al.,

        Defendants.
_____

**ORDER**

This cause is before the Court on numerous motions, responses, notices, and objections. The common theme in the filings is the parties' inability to effectively communicate with one another and Plaintiff's apparent refusal to comply with the dictates of the Federal Rules of Civil Procedure and this Court's Local Rules.

First, Defendant Le moves to strike Plaintiff's untimely discovery requests (Doc. 189). Plaintiff has not responded to this motion.

Second, Plaintiff moves the Court to reconsider its denial of his requests to conduct out-of-time discovery and for appointment of counsel to conduct discovery on his behalf (Doc. 193). Plaintiff stresses he has no way to notice or schedule depositions because he is incarcerated and indigent, and he points

out he did confer with opposing counsel about his prior motion for an extension of the deadlines by raising it at his deposition on April 28, 2021. He contends counsel remained silent, and their silence constitutes acquiescence. Finally, Plaintiff says he, as a pro se litigator, should not be expected to "organize his pleadings according to the 'nicities' [sic] of this Court," including the requirement that all motions contain a memorandum of law. See Doc. 193 at 3.

Defendant Le says he responded to all Plaintiff's timely discovery requests, "Plaintiff is not impeded by his status as a prisoner to follow" the Federal Rules of Civil Procedure, and Plaintiff did not request to take Defendant Le's deposition before the discovery deadline expired. See Doc. 194. Defendants Cohens and Graham assert Plaintiff did not seek discovery from them, nor did he try to purchase a copy of his deposition transcript from the court reporter, but, as a courtesy, defense counsel arranged for Plaintiff to review his deposition transcript and medical records. See Doc. 195. Defendants Cohens and Graham also note Plaintiff did not confer with their counsel before filing his motion.

Third, Defendants Cohens and Graham object (Doc. 198) to Plaintiff's notice (Doc. 197). In the notice, Plaintiff says he intends to file a motion, and, by the notice, he is conferring with Defendants in compliance with Local Rule

2

3.01(g). He maintains that attempting to confer by other means "is a waste of time, considering Defendants Attorneys [sic] hostility in resolving matters." See Doc. 197. In their objection, Defendants Cohens and Graham explain Plaintiff has not conferred with their counsel "on a single matter in which [he] has filed a motion in this case." See Doc. 198 ¶ 1.

Fourth, Plaintiff asks the Court to strike Defendants Cohens and Graham's response to his motion for reconsideration and other filings for their failure to comply with Rule 3.01(g) (Doc. 200). Plaintiff says he is being held to a "double standard" by being expected to comply with the conferral requirement even though he believes Defendants have not complied with it. As an example, he notes that Defendants Cohens and Graham's response to his motion for reconsideration lacks a Rule 3.01(g) certification.

In their responses to Plaintiff's motion to strike (Docs. 203, 206), Defendants argue Plaintiff's purported motion is, in fact, an unauthorized reply to their response to his motion for reconsideration, and, alternatively, the Federal Rules do not contemplate a court striking a response to a motion.

Plaintiff did file a reply to Defendants' responses to his motion to strike, but not in the document Defendants identify as a reply. In his reply (Doc. 208), which Plaintiff did not seek leave to file, Plaintiff says his notices should be construed liberally as satisfying Rule 3.01(g)'s conferral requirement. Plaintiff

3

again complains that Attorney Lori Huskisson similarly fails to confer with him in good faith before filing motions—though he identifies no such offending motion as an example—and sent him over 4,000 pages of medical records to review instead of providing only those relating to Defendant Le's treatment of him.[1] Plaintiff requests that Ms. Huskisson be sanctioned. Defendants Cohens and Graham, represented by Ms. Huskisson, filed an objection to Plaintiff's reply (Doc. 209).

Fifth, Plaintiff filed a notice simply advising the Court and the parties that he intends to file a motion to compel (Doc. 202).[2] In the notice, Plaintiff complains Defendants disclosed to him medical records on a CD, which he is unable to attach as an exhibit in support of a response or a motion. He would prefer hard copies of the documents. Defendants filed responses (Docs. 204, 205), repeating the points they raise in other filings: Plaintiff is "a litigious inmate" who "repeatedly flout[s]" the rules; Plaintiff did not confer with them; the discovery deadline has passed; Plaintiff can review his own medical records by requesting a call-out; Plaintiff is not entitled to a free copy of his deposition transcript; and they arranged for Plaintiff to review a copy of his deposition

---

[1] Ms. Huskisson represent Defendants Cohens and Graham, not Defendant Le.

[2] The Clerk docketed this notice as a motion.

4

transcript. Defendants Cohens and Graham seek an award of attorney's fees incurred in responding to Plaintiff's filing (Doc. 204).

Finally, Plaintiff seeks an order compelling discovery and extending the time to file or respond to dispositive motions (Doc. 207).[3] Plaintiff concedes Defendants disclosed documents for his review, but they were only provided electronically. See Doc. 207 at 1-2. Plaintiff contends he would have preferred to have them in hard copy—for which he is willing to pay—because his medication causes drowsiness. Id. He complains that "sitting for hours before a computer" is akin to cruel and unusual punishment, and he says he requires hard copies of documents to respond to the motions for summary judgment and to prepare his own. Id. at 2. Plaintiff also contends three key dates of treatment were missing from the medical records that were disclosed. Id. at 1.

Defendants oppose Plaintiff's motion to compel (Docs. 210, 211). Defendant Le contends he has responded to all of Plaintiff's timely discovery requests (Doc. 210). Defendants Cohens and Graham contend Plaintiff did not serve discovery on them, yet their counsel arranged for Plaintiff to review over 4,000 pages of records as a courtesy. They also reiterate that Plaintiff may review his prison medical records at any time by submitting a request to the

---

[3] Defendants have filed motions for summary judgment (Docs. 196, 199), per the Court's scheduling order (Doc. 175).

appropriate prison official. And their counsel repeats the mantra that Plaintiff did not first confer with her in good faith. Defendants Cohens and Graham seek an award of attorney's fees incurred in responding to Plaintiff's motion to compel.[4]

After reading the seventeen filings comprising motions, notices, responses, and objections, what comes to mind is the common idiom, "much ado about nothing." It appears the only real dispute is about alleged missing documents. Everything else amounts to a duel on paper about the application of unambiguous rules of procedure and case management. Thus, the Court is forced to emphasize that all parties, **including those proceeding pro se**, must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a pro se [in forma pauperis] litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

Additionally, the parties are reminded and advised:

- The Court's Local Rules were amended, effective February 1, 2021. The revised rules include a more robust conferral requirement. There is no exception to that rule for pro se litigants. Nor is there an exception for counsel litigating against a person who is incarcerated.

---

[4] On August 19, 2021, Plaintiff filed a reply to Defendants Cohens and Graham's response (Doc. 215). The Court will not consider the reply because Plaintiff did not seek leave to file it. See M.D. Fla. R. 3.01(d).

6

- All requests for relief must be in the form of a <u>proper</u> motion. <u>See</u> Fed. R. Civ. P. 7(b); M.D. Fla. R. 3.01(a).

- A party should not seek affirmative relief from the Court in a response to a motion. <u>See</u> Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

- "Without leave, no party may file a reply directed to a response except a response to a motion for summary judgment." <u>See</u> M.D. Fla. R. 3.01(d).

- A plaintiff's <u>in forma pauperis</u> (IFP) status does not entitle him to free copies of pleadings, motions, orders, or other documents. <u>See</u> <u>Jackson v. Florida Dep't of Fin. Servs.</u>, 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding [IFP], to free copies of court documents, including his own pleadings.").

The Court elaborates on Rule 3.01(g)'s conferral requirement, given that Rule has unnecessarily multiplied these proceedings. The conferral requirement, by its plain language, applies to motions; it does not apply to notices or responses. "Confer" means "to compare views or take counsel," or "to exchange ideas on a particular subject." <u>See</u> Merriam-Webster Dictionary, available at https://www.merriam-webster.com/dictionary; Cambridge Dictionary, available at https://dictionary.cambridge.org/dictionary/english (last visited Aug. 18, 2021). It does not mean "to notify" or "to announce." The Rule's primary purpose is to encourage professional dialogue between parties about discovery and other matters, thereby obviating the need for judicial involvement.

It also bears noting that the conferral requirement includes a "good faith" component. See M.D. Fla. R. 3.01(g). "'Good faith' contemplates, among other things, honesty in one's purpose to meaningfully discuss . . . dispute[d] [matters], freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action." Faynik v. Magical Cruise Co., Ltd., No. 617CV1282ORL37TBS, 2018 WL 7360669, at *5 (M.D. Fla. Sept. 4, 2018). Additionally, as relevant to Plaintiff's motion to compel, the Federal Rules of Civil Procedure mandate "good faith conferral" before such a motion is filed. See Fed. R. Civ. P. 37(a)(1).

Good faith conferral has not happened here. Plaintiff's notices of an intent to file a motion do not constitute "good faith conferral" in letter or in spirit. A court's obligation to construe pro se pleadings liberally does not mean a court must allow pro se litigants to ignore procedural and court rules. As demonstrated by his litigation history in this Court alone, Plaintiff is familiar with civil litigation practice and the rules that apply. Plaintiff says he is being held to a double standard in the application of Rule 3.01(g). See Doc. 200 at 1. But Plaintiff contradicts himself. He excuses his own failure to confer by saying "he's in prison and can't pick-up the phone to call Defendants or their attorneys," but then says opposing counsel has no excuse for failing to confer with him because he "is always available" through the prison kiosk or tablet,

8

prison classification staff, or "snail mail." Id. at 2 (emphasis added). If Plaintiff is always available to communicate, expecting him to do so—in accordance with applicable rules—is not unreasonable.

The Court also notes that attorneys, as officers of the court, have a responsibility to conduct themselves professionally and civilly, including in their interactions with pro se litigants. The Court is troubled by Plaintiff's assertion that he attempted to engage counsel in a dialogue at his deposition about extending the deadlines, but counsel remained silent. Defendants did not submit a copy of Plaintiff's deposition transcript with their motions for summary judgment, so the Court is unable to confirm whether counsel in fact remained silent in the face of Plaintiff's alleged attempt to confer about deadlines.

However, Ms. Huskisson acknowledges in response to Plaintiff's motion for reconsideration that Plaintiff mentioned at his deposition that he was "[thinking] of extending the discovery deadline." See Doc. 195 at 5. Ms. Huskisson says she did not respond because "Plaintiff did not ask for Defendants [sic] position on the matter and did not provide a reason to justify an extension." Id. The Court does not find counsel's silence indicates acquiescence to an extension, as Plaintiff suggests, but it could suggest an intentional decision to avoid a conversation, which is unfortunate and

9

potentially a violation of the conferral requirement. See M.D. Fla. 3.01(g)(3) ("The purposeful evasion of a communication under this rule can result in a sanction.").

Despite Plaintiff having "thought of extending the discovery deadline" at his deposition, see Doc. 195 at 5, the Court finds Plaintiff is not entitled to an order compelling discovery. Defendants contend they responded to Plaintiff's timely discovery requests, disclosing to Plaintiff over 4,000 pages of documents. Plaintiff does not dispute this contention. He merely disputes the manner in which those records were disclosed to him, and he says three dates of service were missing from the medical records: December 30, 2016, February 6, 2017, and March 17, 2017.

Plaintiff's preference to review paper copies as opposed to electronic copies does not mean opposing counsel failed to comply with discovery requests. As to the allegedly missing records, Plaintiff does not say why they are important or why he believes they exist but were omitted from the records disclosed to him. Unfortunately, in their responses, Defendants do not address Plaintiff's suggestion that three dates of service were missing from the records disclosed to him. It appears Plaintiff requested from Ms. Huskisson copies of medical records for these three dates of service (Doc. 207-1). In that request, Plaintiff noted that records of Dr. Le's treatment on three dates were "not

found." See Doc. 207-1 at 2. It is unclear whether Ms. Huskisson received that request or responded to it, and it is unclear whether Plaintiff submitted a similar request to Defendant Le's attorney. Given Plaintiff says he needs these records to respond to Defendants' motions for summary judgment, and he represents he submitted a request to Ms. Huskisson for copies, the Court will direct the parties to confer as is their obligation under Rule 37 and Local Rule 3.01(g).

Aside from alleged problems with already disclosed documents, Plaintiff contends he wants to engage in additional discovery in the form of taking depositions. When a deadline has expired but a party seeks an extension, the party must demonstrate he "failed to act because of excusable neglect." See Fed. R. Civ. P. 6(b)(1)(B). See also M.D. Fla. R. 3.08(a) ("A party must timely move for a continuance and explain in detail the reason a continuance is warranted and the effort to resolve any scheduling conflict.").

Plaintiff has not demonstrated excusable neglect in failing to complete discovery within the time this Court set. The Court is mindful that prisoners generally do not schedule depositions of opposing parties or witnesses, likely because of the logistical difficulties involved. However, it appears Plaintiff did not attempt to schedule any depositions or speak with opposing counsel about

11

his desire to do so before the discovery deadline passed.[5] Thus, Plaintiff is not entitled to an extension of the deadlines. However, to the extent Plaintiff is requesting more time to respond to Defendants' motions for summary judgment, the Court will grant that request.

Accordingly, it is

**ORDERED:**

1. Defendant Le's motion to strike untimely discovery requests (Doc. 189) is **GRANTED** to the extent Defendant Le is not required to respond to Plaintiff's late discovery requests.

2. Plaintiff's motion for reconsideration (Doc. 193) is **DENIED**.

3. Plaintiff's motion to strike (Doc. 200) is **DENIED**.

4. The Court directs the **Clerk** to terminate Doc. 202 because this filing is a notice, not a motion.

5. Plaintiff's motion to compel and to extend the deadlines (Doc. 207) is **DENIED**, but his request for more time to respond to the motions for summary judgment is **GRANTED**.

   a. The Court directs the parties to confer (by phone, letter, or otherwise) regarding Plaintiff's request for copies of medical records for

---

[5] While Plaintiff says he is indigent and therefore unable to conduct depositions, see Doc. 193 at 2, he says in another filing that his family will pay for copies and other expenses associated with his litigation See Doc. 207 at 1, 2.

the following dates of service: December 30, 2016; February 6, 2017, and March 17, 2017. Plaintiff shall initiate the communication and opposing counsel shall respond. By **September 15, 2021**, opposing counsel shall file a joint notice with the Court advising of the outcome of the parties' conferral efforts.

b. Plaintiff shall respond to Defendants' motions for summary judgment (Docs. 196, 199) by **October 15, 2021**. If Plaintiff needs to purchase copies of documents—in addition to those referenced in this paragraph—he should make appropriate arrangements with his classification officer or other prison official, opposing counsel, or the court reporter, as necessary. Though Plaintiff is not entitled to free copies of documents, Defense counsel shall permit Plaintiff to purchase hard copies of any documents that were or will be disclosed to him except the deposition transcript, which must be purchased from the court reporter.

c. Given the circumstances, the Court finds the imposition of expenses, including attorney's fees, is unjust.

6. Plaintiff's reply (Doc. 208) is **STRICKEN**.

7. The Court cautions the parties that future filings that do not comply with the applicable rules, including Rule 3.01(g), will be stricken.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of August 2021.

                                                    BRIAN J. DAVIS
                                         United States District Judge

Jax-6
c:
Nyka O'Connor
Counsel of Record