## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

NYKA O'CONNOR,
DC # 199579
    Plaintiff,

v.                                          CASE NO.:  3:18-cv-01423-BJD-PDB

CHUANG T. LE, et. al.,
    Defendants.
_____/

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE OF JUDGMENT AND TO ISSUE SANCTIONS DUE TO FRAUD

Defendants Cohen's and Graham ("Defendants"), through undersigned counsel, hereby files their Response in Opposition to Plaintiff's Motion (Doc. 220).

1. Plaintiff, Nyka O'Connor, is a litigious inmate, with more than three strikes, proceeding *pro se* who is incarcerated by the Florida Department of Corrections ("FDOC").

2. On September 17, 2021, Plaintiff's provided his Motion for Sanctions to his correctional institution for mailing (Doc. 220 at 1). Once again, Plaintiff did not confer with Defendants in good faith prior to filing

1

his Motion.  Five days prior to filing is motion, Plaintiff alleges that he sent undersigned counsel a letter on September 14, 2021 seeking to confer on his motion (Doc. 220-2 at 4).  Plaintiff's single letter, which counsel has still not received, is not a good faith effort at conferral.  Plaintiff must make more than one attempt and give opposing counsel an opportunity to respond. *See*, *Khan v. Shailendra*, No. 113CV03849JECJCF, 2014 WL 12698914, at *1 (N.D. Ga. July 25, 2014)(A single letter is insufficient to establish a good faith effort at conferral).  The Court has already explained to Plaintiff, in painstaking detail, what a good faith conferral is and Plaintiff's failure to make a good faith effort at conferral is in direct opposition to this Court's Order (*See*, Doc. 216 at 7-8).

3.   In his motion, Plaintiff seeks relief from an unspecified judgment that Plaintiff believes was issued in this case.  The case is still pending, and a judgment has not been entered by the Court.  However, to the extent that Plaintiff is asking the Court to reconsider one of his many prior motions, Plaintiff's request should be denied.  Plaintiff failed to conduct timely discovery in his case after being given the opportunity to do so.  The Court has already ruled on Plaintiff numerous prior motions

and Plaintiff provides no reason now as to why the Court should reconsider any of the Court's prior rulings. Additionally, the Court has already found that Plaintiff did not meet the excusable neglect standard to warrant an extension of the discovery deadline (Doc. 216 at 11).

4. Plaintiff's motion for sanctions is frivolous on its face. Plaintiff seems to take issue with the following sentence in a prior filing, "Defendants counsel did not agree to or "silently acquiesce" to Plaintiff's thought of extending the discovery deadline." (Doc. 195 at 5). Plaintiff alleges that counsel's statement was fraud on the Court because the word "thought" or "thinking" was not used in Plaintiff's deposition. As proof, Plaintiff attached an excerpt of his deposition where after asking what the discovery deadline was Plaintiff stated, "I don't have all the document - - the deadline for the end of disclose date. Would you remind me when the deadline is, because I might have to ask for an extension?" (Doc. 220 at 7)[1]. After informing Plaintiff that the discovery deadline is May 14th, Plaintiff stated "May 14, that's - - okay. I might have to ask for extension of time to gather more information, especially regarding Graham and all, Cohens."

---

[1] Transcript page 85, Lines 17-20.

(Doc. 220 at 8)[2].

A "thought" is defined as "something that is thought" or "the action or process of thinking." See, https://www.merriam-webster.com/dictionary/thought. Mr. O'Connor's statement that "May 14, that's okay. I might have to ask for an extension of time" is clearly a thought. Undersigned counsel did not misquote Mr. O'Connor in their prior filing or use quotation marks to indicate Mr. O'Connor's exact statement. Mr. O'Connor's lack of "thought" or "thinking" does not constitute a fraud on the Court and Mr. O'Connor is not entitled to the relief sought.

**WHEREFORE**, for the foregoing reasons, Defendants respectfully request the Court deny Plaintiff's motion and direct Plaintiff once again to comply with the Federal Rules of Civil Procedure.

---

[2] Transcript page 86, Lines 1-4.

4

Respectfully submitted,

**ASHLEY MOODY**
**ATTORNEY GENERAL**

/s/ Lori Huskisson
**Lori Huskisson**
Senior Assistant Attorney General
Florida Bar No.: 0845531
Office of the Attorney General
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Telephone: (850) 414-3300
Facsimile: (850) 488-4872
Lori.Huskisson@myfloridalegal.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing *Response to Plaintiff's Motion* has been filed electronically through the CM/ECF system on September 22, 2021, and will be sent by U.S. mail to: **Nyka O'Connor, DC # 199579**, Wakulla Correctional Institution Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327-4963, on the 23rd day of September 2021.

/s/ Lori Huskisson
Lori Huskisson, Esq.